IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 06-CV-00814-SWH |
| JOLET II, INC., d/b/a THOMPSON CARE CENTER, | ) ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission") has instituted this action alleging that Jolet II, Inc. d/b/a Thompson Care Center violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. (hereinafter "Title VII"), by sexually harassing Essence Harrell, Anita Herron, Marchelle R. Judie, Marteisha D. Whitley, and Vickie Murrell and retaliating against them after they complained about the sexual harassment. Jolet II, Inc. d/b/a Thompson Care Center denies these allegations.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation and resolve their mutual disputes arising from the allegations set forth in their pleadings.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action; (ii) the requirements of Title VII will be carried out by the

implementation of this Decree; (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties; and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

1. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because he or she has opposed any practices alleged in this action as unlawful under Title VII, has participated in an investigation conducted under Title VII with respect to this complaint, or because he or she has participated in this lawsuit or has benefitted in any way as a result of this Consent Decree.

3. Jolet II, Inc.'s agreement to enter into this Consent Decree is contingent upon the agreement of claimants Essence Harrell, Anita Herron, Marchelle R. Judie, Marteisha D. Whitley, and Vickie Murrell to execute a Release and Settlement in the form of Exhibit D attached hereto and their agreement to accept the monies to be paid by Jolet II, Inc.

## II. Relief for Charging Party and Aggrieved Individuals

3. Defendant shall pay a total of $10,000 to Essence Harrell, Anita Herron, Marchelle R. Judie, Marteisha D. Whitley, and Vickie Murrell, as compensatory and punitive damages. On the date that Defendant signs the Consent Decree, it will deliver to its attorney, Kevin Baldwin, five money orders for $1,000 each. Kevin Baldwin will send the money orders by U.S. mail, first class postage prepaid, to each of the five women named above and a copy of

each money order to the EEOC's St. Louis District Office, attn.: Jan Shelly. Defendant shall make a second payment of $5,000 within six months of the signing of the Consent Decree, which will be paid and distributed to Essence Harrell, Anita Herron, Marchelle R. Judie, Marteisha D. Whitley, and Vickie Murrell, in the same manner as the first payment. Defendant will mail applicable tax forms to each woman.

Essence Harrell, Anita Herron, Marchelle R. Judie, Marteisha D. Whitley, and Vickie Murrell shall each be afforded the opportunity to consult with a private attorney of their choosing prior to their execution of the Release and Settlement Agreement proposed by Jolet II, Inc. If one or more of the above named women seek the advice of a private attorney prior to executing the Release and Settlement Agreement with Jolet II, Inc., Jolet II, Inc. agrees to then pay on behalf of each such woman up to $150.00 directly to her individual private attorney to offset her private legal expense in reviewing the Release and Settlement Agreement.

### III. Training

4. Within 90 days after the Consent Decree is approved by the Court, Defendant shall provide mandatory EEO training for all of its owners, managers, supervisors and employees within any facility owned and operated by Jolet II, Inc. d/b/a Thompson Care Center, in the Kansas City, Missouri metropolitan area. The content of this training shall include sexual harassment and sex discrimination under Title VII of the Civil Rights Act. This training shall be presented by an outside, third-party consultant who is approved by the Regional Attorney of the EEOC's St. Louis District Office. The training shall also include information regarding Title VII's prohibition against the sexual harassment of employees, and shall be at least 3 hours in duration. Defendant shall submit to the Regional Attorney of the St. Louis District Office the

names and qualifications of the designated trainers, along with a draft of the training curriculum and materials to be distributed at the training, sufficiently in advance of the training to allow for Commission comment and discussion.

5. Within 60 days of providing any EEO training pursuant to this section, Defendant shall send to the Regional Attorney of the St. Louis District Office a report describing the training, along with copies of any materials distributed or displayed, and listing the names, addresses, and phone numbers of all Defendant's employees who were trainees, and the names and business addresses and phone numbers of all trainers.

### IV. Posting and Policies

6. Defendant shall post and cause to remain posted copies of the notice attached hereto as Exhibit A in locations publicly visible to all employees and applicants in all facilities owned and operated by Defendant within the Kansas City, Missouri metropolitan area for a period of 2 years starting from the date of entry of this Decree.

7. Within 30 days of the entry of this Decree, Defendant shall cause the policy attached hereto as Exhibit B to be signed by its owners and distributed to each and every management official employed at any facility owned and operated by Defendant in the Kansas City, Missouri metropolitan area. Defendant shall also cause all of the owners and management officials to sign the statement attached hereto as Exhibit C to indicate that they have received and read the policy.

### V. Reporting, Record-keeping, and Access

8. Within 45 days of the entry of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter indicating as follows:

a. that the notice (Exhibit A) has been posted as required by Paragraph 6 above;

b. that the Equal Employment Opportunity policy (Exhibit B) has been distributed as required by Paragraph 7 above; and

c. that the training required by paragraph 4 above has been completed.

The signed copies of Exhibits B and C shall be enclosed with the letter.

9. Within 4 months of the date of entry of this Decree and every 6 months thereafter for the duration of this Decree, Defendant shall prepare and submit to the Regional Attorney of the St. Louis District Office a report listing the following information with respect to each female worker hired during the relevant reporting period:

a. name, last known residential phone number and last known residential address,

b. the dates of her separation from the company, if applicable, and the reasons for the separation, and

c. any sexual harassment complaints received by management.

10. For the first report described in Paragraph 9 above, the reporting period shall begin with the date of entry of this Decree and end with the date of the report. For succeeding reports, the reporting period shall begin with the date of the last report and end with the date of the current report.

11. During the term of this Decree, Defendant shall allow representatives of the Commission to review Defendant's compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their

Case 4:06-cv-00814-SWH   Document 19   Filed 10/23/07   Page 5 of 12

premises, and inspecting their premises. Such review of compliance shall be initiated by written notice to the Defendant's attorney of record at least three (3) business days in advance of any inspection of a Defendant's documents or premises.

### VI. Term and Effect of Decree

12. By entering into this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the sexual harassment charge that created the procedural foundation for the complaint in this case.

13. This Decree shall be binding upon the parties hereto, their successors and assigns. Defendant shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place.

14. This Decree shall be for a period of three (3) years and can only be extended for good cause shown. During the Decree's term the Court shall retain jurisdiction of this cause for purposes of compliance.

15. Each party shall bear its own costs.

DATE:

10-23-07

U.S. ~~DISTRICT~~ Magistrate JUDGE

BY CONSENT:

FOR DEFENDANT:

RON THOMPSON
Authorized Agent of Jolet II, Inc.
d/b/a Thompson Care Center

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JEAN P. KAMP
Acting Regional Attorney

BARBARA A. SEELY
Supervisory Trial Attorney

_____

JAN SHELLY          Mo. Bar # 42085
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Suite 8.100
St. Louis, Missouri 63103
(314) 539-7918
FAX: (314) 539-7895

Case 4:06-cv-00814-SWH   Document 19   Filed 10/23/07   Page 7 of 12

# EXHIBIT A

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered into in <u>EEOC v. Jolet II, Inc. d/b/a Thompson Care Center</u>, Case Number 06-CV-00814-SWH, (filed in the Western District of Missouri) in which a judgment for damages was entered against Jolet II, Inc. d/b/a Thompson Care Center in favor of the aggrieved parties.

Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race, national origin, color, religion, sex, or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. It also prohibits retaliation against employees because they have opposed practices they believe discriminate on the basis of race, national origin, color, religion, sex, or age (forty and over) or because they have filed charges with the EEOC or participated in or cooperated with an EEOC investigation.

In particular, federal law prohibits harassment of employees on the basis of their sex. Jolet II, Inc. d/b/a Thompson Care Center supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Jolet II, Inc. d/b/a Thompson Center will not tolerate harassment of employees based upon sex. Specifically, Jolet II, Inc. d/b/a Thompson Care Center will not tolerate language that is demeaning to persons of a particular sex, inappropriate touching, sexual jokes and comments, and unwelcome advances toward persons of a particular sex.

Employees should feel free to report instances of prohibited harassment to any management official at any time. In the event the management official is engaged in the harassment, Jolet II, Inc. d/b/a Thompson Care Center provides additional avenues for the employees to use to report instances of sexual harassment. Jolet II, Inc. d/b/a Thompson Care Center has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation by the person allegedly guilty of harassment. Employees are also free to make complaints about sexual harassment or about other employment discrimination to the Office of the Regional Attorney, United States Equal Employment Opportunity Commission, 1222 Spruce St., Room 8.100, St. Louis, Missouri 63103, (Attention: Jan Shelly, Senior Trial Attorney) or by telephone at (314) 539-7918.

# EXHIBIT B
## POLICY ON HARASSMENT

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to subject any employee to acts of harassment based upon the employee's sex, race, color, religion or national origin, or to permit or encourage a work environment in which such conduct occurs.

Sexual harassment is defined as any unwelcome sexual advance, requests for sexual favors, or other verbal or physical conduct of a sexual nature where any one of the three criteria below are met:

1) Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;

2) Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or

3) Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment.

Harassment based upon sex, race, color, religion or national origin includes any verbal or other conduct that demeans, insults or intimidates an employee or a group of employees because of their sex, race, color, religion or national origin. Prohibited conduct includes, but is not limited to, jokes, labels, names, or stories offensive to a particular group of persons.

It is the policy of Jolet II, Inc. d/b/a Thompson Care Center to prohibit the types of harassment described above. All persons, including owners and managers, who engage in such conduct, shall be disciplined, up to and including, discharge.

Employees also should be aware of the following:

1) That the harassment described above is unlawful and such conduct will not be tolerated or condoned by this company;

2) That persons subjected to such harassment may complain to anyone in management and that within ten (10) calendar days management shall conduct a full investigation, report back to the complaining individual, and take appropriate action against an offending party;

3) Every employee has a right to file a charge alleging sexual harassment with the Equal Employment Opportunity Commission, 1222 Spruce St., St. Louis, Missouri 63103; and

4) Any employee who files a sexual harassment complaint shall not be fired or otherwise harmed.

## EXHIBIT C

The undersigned managers employed by Jolet II, Inc. d/b/a Thompson Care Center certify that they have received a copy of their employer's policies relating to sex discrimination, and that they have read this policy by the date indicated.

| NAME | TITLE | DATE |
|------|-------|------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

# EXHIBIT D

## RELEASE AND SETTLEMENT AGREEMENT

THIS AGREEMENT made by and between the undersigned parties (hereinafter collectively referred to as "Employee") and Jolet II, Inc. d/b/a Thompson Care Center, a Missouri Non-Profit Corporation, (hereinafter referred to as "Jolet").

WHEREAS, Plaintiff, Equal Employment Opportunity Commission (hereinafter the "Commission"), has instituted this action alleging that Jolet II, d/b/a Thompson Care Center, violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. (hereinafter "Title VII"), by sexually harassing the undersigned Employee (hereinafter "Employee") and/or retaliating against her after they complained about the sexual harassment. Jolet II, d/b/a Thompson Care Center, denies these allegations.

WHEREAS, for purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation and resolve their mutual disputes arising from the allegations set forth in their pleadings;

NOW THEREFORE, in consideration of their mutual promises made herein, and for other good and valuable consideration, receipt of which is hereby acknowledged by each party, the parties, intending to be legally bound, hereby agree as follows:

Agreements of Jolet. Jolet agrees to execute and agree to a Consent Decree in favor of the Commission under the terms as may be required by the Commission. Jolet further agrees to pay a total of $10,000 to the complaining Employees (*i.e.* Essence Harrell, Anita Herron, Marchelle R. Judie, Marteisha D. Whitley, and Vickie Murrell), as compensatory and punitive damages. Said $10,000 shall be divided equally among the Employees. Said payment shall be payable in two installments and divided equally among the five Employees as required by the Consent Decree to be executed herewith such that each Employee will receive a total of $2,000. Jolet will prepare and deliver all necessary tax documents to the Employees to reflect these payments. Jolet further hereby releases the Employee herein below, her heirs, assigns, agents and attorneys, from any action, causes of action, claims or demands which it may have against Employee as a result of or arising from her employment relationship with Jolet or from the incidents described in the parties' pleadings in this action.

Employee's Agreements: Employee hereby releases and forever discharges Jolet, and all its officers, directors, members, employees, agents, and representatives, its successors, heirs and assigns, from any and all manner of action or actions, causes of action or actions in law or equity, claims, demands, damages, loss, costs or expenses of any nature whatsoever, known or unknown, fixed or contingent, which she may have against Jolet as a result of or arising from their employment relationship with Jolet or arising from the allegations contained within the pleadings in this action. Employee's release is intended to release all claims arising out of Employee's employment with Jolet, including, but not limited to, claims under Missouri's Human Rights Act, Federal discrimination statutes, and Title VII of the 1964 Rights Act. Employee agrees that this is a general release of all claims or potential claims against Jolet, its

officers, employees, agents or members, arising from the transactions and occurrences alleged in the parties' pleadings.

       Knowing and Voluntary Agreement. Employee states that she has read and fully considered the agreement and that it is her intention to voluntarily execute the agreement. Employee acknowledges that the agreement is the product of negotiation and compromise between Employee, the Commission, and Jolet. Employee has had a sufficient opportunity to consider this agreement and has been advised to consult with her own private attorney prior to execution of this agreement. Jolet agrees up to $150.00 of Employee's private counsel legal fees, if any, with said sum to be paid on her behalf directly to her private attorney. Upon consultation with her private attorney, Employee shall have her private attorney contact counsel for Jolet and submit an invoice for fees at which time Jolet will make payment of the $150.00. Jolet's counsel for this purpose is as follows: Kevin Baldwin, (816) 842-1102, Fax (816) 842-1104, at 11 E. Kansas, Liberty, Missouri 64068.

**EMPLOYEE:**

_____

Print Name:_____

**EMPLOYER:**

**JOLET II, INC.**

By:_____
    Authorized Agent